Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/14/2023
CT Log Number 545353292

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MICKLE UMAKIJA // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), First Request, First Interrogatories and Request |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 23C08432S6 |
| **NATURE OF ACTION:** | Personal Injury - 12/30/2021, Walmart Supercenter located at 3245 Lawrenceville-Suwanee Rd., Suwanee, GA, 30024 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/14/2023 at 12:20 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Austin M. Hiffa<br>Morgan & Morgan Atlanta PLLC<br>178 S. Main Street, Unit 300<br>Alpharetta, GA 30009<br>770-576-7642 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2023, Expected Purge Date: 12/25/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



Exhibit A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-08432-S6**
**11/13/2023 6:28 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Umukija Mickle,**

PLAINTIFF

CIVIL ACTION NUMBER: 23-C-08432-S6

VS.

**Wal-Mart Stores East, LP**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Wal-Mart Stores East, LP

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Austin M. Hiffa, 178 S. Main Street, Unit 300, Alpharetta, GA 30009

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** ________ **day of** ________, **20**____.
14th day of November, 2023

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

Exhibit A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-08432-S6
11/13/2023 6:28 PM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **UMUKIJA MICKLE,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **WAL-MART STORES EAST, LP, JONH DOES #1-3, and XYZ CORPS. #1-3,** <br><br> **Defendants.** | **CIVIL ACTION FILE NO.:** 23-C-08432-S6 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Umukija Mickle, plaintiff in the above-styled action ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint for Damages against Defendants Wal-Mart Stores East, LP, John Does #1-3, and XYZ Corps #1-3, showing this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff originally filed suit against Defendant on June 10, 2022 in the State Court of Gwinnett County, Georgia (Civil Action File No. 22-C-03226-S3), and the case was later removed by Defendant to the US District Court for the Northern District of Georgia, before being voluntarily dismissed without prejudice on June 13, 2023. Plaintiff's original lawsuit was not dismissed on the merits and all costs have been paid.

2.

The above-styled matter has been filed within six (6) months of Plaintiff dismissing her original lawsuit against Defendant without prejudice and is, therefore, a properly pleaded renewal action pursuant to O.C.G.A. § 9-2-61.

Exhibit A

3.

Plaintiff Umukija Mickle is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Wal-Mart Stores East, LP (hereinafter "Wal-Mart" or "Defendant") is a foreign limited partnership existing under the laws of the State of Delaware and may be served with a copy of the summons and Complaint through its registered agent, The Corporation Company, at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

5.

Defendants JOHN DOES #1-3 and XYZ CORPS. # 1-3 are unidentified individuals and business entities that are potential third-party joint tortfeasors who owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of the premises where this cause of action originated and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #1-3 and/or XYZ CORPS. #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendants are subject to the Jurisdiction of this Court.

7.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper in the State Court of Gwinnett County because the cause of action originated in Gwinnett County.

Exhibit A

**FACTUAL BACKGROUND**

8.

At all material times, Defendant owned, managed, operated or otherwise provided services for the Walmart Supercenter located at 3245 Lawrenceville-Suwanee Rd, Suwanee, Gwinnett County, Georgia 30024 (the "Premises" or "Walmart Supercenter").

9.

On or about December 30, 2021, Plaintiff was lawfully on the Premises, as a customer and invitee, when Plaintiff slipped and fell on a clear liquid substance, which caused Plaintiff to be injured (the "Incident").

10.

Defendant negligently caused Plaintiff's injuries.

11.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

12.

As the direct and proximate result of Defendant's negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; loss of ability to work and earn a living; and other economic and non-economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

13.

As the direct and proximate result of Defendant's negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

**COUNT I – NEGLIGENCE**

14.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 13 above as if fully restated herein verbatim.

15.

At all material times, Defendant controlled the mode, manner, and means by which it operated the Walmart Supercenter. Under Defendant's mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

16.

Defendant's chosen mode and manner of operation of the Walmart Supercenter required that Defendant implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

17.

Defendant owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendant's mode, manner, and means of operating the Walmart Supercenter.

18.

Defendant had a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect

customers from the foreseeable risks of harm, including fall risks arising from the operation of the Walmart Supercenter.

19.

Defendant breached its duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

20.

While operating Walmart Supercenter, Defendant negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i) Defendant failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(ii) Defendant's safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

(iii) Defendant negligently failed to comply with and enforce its inspection protocols or procedures;

(iv) Defendant negligently failed to train its employees, contractors, agents and/or representatives to properly implement their safety program;

(v) Defendant failed to supervise its employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendant failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21.

Defendant's failure to exercise reasonable care in its operation of the Walmart Supercenter

caused a liquid substance to be on the floor for an extended period of time, which created a fall risk and caused Plaintiff's fall and resulting injuries.

22.

Defendant's negligent operation of the Walmart Supercenter directly and proximately caused Plaintiff's injuries.

23.

Defendant is vicariously liable for the negligent acts and omissions of its employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendant's business.

**COUNT II – PREMISES LIABILITY**

24.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 23 above as if fully restated herein verbatim.

25.

At all material times, Defendant owned, occupied or were otherwise in possession and control of the Premises.

26.

At all material times, Defendant owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27.

Defendant's duty of care included:

a. Inspecting the Premises for hazardous conditions, including static conditions and passive defects that posed a slip hazard or risk;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

28.

At all material times, Plaintiff was Defendant's invitee.

29.

On the date of Incident, Plaintiff slipped on a liquid substance on the floor of the Premises.

30.

Plaintiff did not have knowledge of the liquid substance on the floor of the Premises at any time prior to her slipping on the substance.

31.

The liquid substance that caused Plaintiff to slip and fall was on the floor of the Premises for a sufficient length of time that Defendant or its employees knew, or in the exercise of reasonable, care should have known, about the substance on the floor; removed the hazard; and/or warned invitees of the dangerous condition the substance created.

32.

Because Defendant had notice of the liquid substance on the floor and controlled the condition of the Premises, Defendant and its employees, contractors, agents and representatives had a duty to remove the liquid substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees, including Plaintiff; or to warn them of the hazard.

33.

Defendant breached its duty to Plaintiff when they negligently failed to remove the liquid

substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees, including Plaintiff; or when they negligently failed to warn them of the specific hazard.

34.

As a direct and proximate result of Defendant's negligent failure to remove, remedy or warn Plaintiff about a known hazard, Plaintiff slipped on the liquid substance and was injured.

35.

As a direct and proximate result of Defendant's negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the liquid substance on the floor of the Premises, Plaintiff slipped on the liquid substance and was injured.

**COUNT III – DAMAGES**

36.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 35 above as if fully restated herein verbatim.

37.

As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and will continue to suffer substantial injuries and damages, in an amount to be proven at trial, including reasonable and necessary medical expenses, mental and physical pain and suffering, loss of earnings and earning capacity, personal inconvenience, and an inability to lead a normal life. All of Plaintiff's damages will continue into the future as Plaintiff is still suffering from and receiving treatment for the injuries sustained in the subject Incident.

Exhibit A

38.

To date, Plaintiff has incurred medical expenses in excess of $320,000.00 for the treatment of injuries sustained in the subject Incident.

39.

As a direct and proximate result of Defendant's negligence, Plaintiff will incur future medical expenses, the specific amount to be proven at trial, for the treatment of injuries sustained in the subject Incident.

40.

Defendant's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury of twelve;

(f) That all costs be cast against the Defendant; and

(g) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 13th day of November, 2023.

Exhibit A